# IN THE DISTRICT COURT OF THE UNITED STATES

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                                                             No. CIV 01-904 BB/LFG
                                                                             No. CR 99-1189 BB

ERIC GONZALES,

      Defendant/Movant.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence brought by Movant Eric Gonzales ("Gonzales") under 28 U.S.C. § 2255. [Doc. 1.] Gonzales attacks the sentence entered by the United States District Court for the District of New Mexico in <u>United States v. Gonzales</u>, No. CR 99-1189 BB. The government filed an Answer to Gonzales' § 2255 petition and moved to dismiss the petition. [Doc. 5.] Gonzales submitted a response to the government's Motion to Dismiss. [Doc. 6.] For the reasons given below, the Magistrate Judge finds the Motion to Dismiss is well taken and recommends that it be granted, thereby dismissing this action.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. Gonzales was charged in an Indictment[2] with intentionally distributing "5 grams and more of a mixture and substance containing cocaine base." [Doc. 10 in Cr. 99-1189.] Gonzales later entered a plea of guilty to a superseding Information charging him with distributing less than 5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [Docs. 86, 88 in Cr. 99-1189.]

3. Gonzales' plea agreement [Doc. 88 in Cr. 99-1189] was entered into with the government under Rule 11(e)(2) of the Federal Rules of Criminal Procedure. The plea agreement states, in part, that Gonzales understood that the maximum penalty the Court could impose was no more than a term of 20 years' imprisonment and a mandatory term of supervised release of at least three years. The parties stipulated in the plea agreement that the total weight of cocaine base that should be considered relevant was 4.2 grams.

4. Gonzales' plea agreement also set forth a waiver of appeal rights and specifically stated that Gonzales waived "his right to challenge his sentence or the manner in which it was determined in any collateral attack, including . . . a motion brought under Title 28, United States Code, Section 2255 . . . ." [Doc. 88 at ¶ 10.]

5. The plea agreement was signed on June 1, 2000 by Gonzales and the government. On November 16, 2000, the Court sentenced Gonzales to a term of imprisonment of 41 months to be followed by a term of supervised release of three years. [Doc. 129.] The Court entered judgment on November 28, 2000. [Doc. 132.] Gonzales did not contest his sentence on direct appeal. Instead,

---

[2]The indictment also charged co-defendants Robert Ware, Dickie Chavez and Jeremy Chavez with unlawful conduct.

on August 6, 2001, he filed the instant § 2255 petition, seeking relief from his sentence based on alleged ineffective assistance of counsel.

6. Gonzales' § 2255 petition and accompanying brief argue that he was denied effective assistance of counsel in three ways, all of which allegedly affected his sentencing. Specifically, Gonzales asserts that his attorney should have challenged the computation of his criminal history category and that his attorney should have raised <u>Apprendi</u> arguments because the Indictment was defective under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), for failure to specify the actual amount of controlled substances he distributed and to charge a term of supervised release. [Docs. 1 and 2.]

7. The government argues that Gonzales' § 2255 petition should be dismissed because Gonzales cannot bring this collateral attack after explicitly waiving his § 2255 rights in the plea agreement. The government also contends that Gonzales' attempt to avoid the § 2255 waiver by asserting ineffective assistance of counsel claims must fail because Gonzales cannot meet his burden in establishing the two prongs of the <u>Strickland</u> test. Finally, the government asserts that even if Gonzales' claims are considered, they should be dismissed on the merits.

## Discussion

## Waiver of § 2255 Rights

8. In <u>United States v. Cockerham</u>, the Tenth Circuit recently provided lengthy guidance on the exact issue presented by this § 2255 petition. The Tenth Circuit first held that a waiver of § 2255 rights in a plea agreement is generally enforceable if the defendant agreed to the terms of the waiver knowingly and voluntarily and if the waiver is expressly stated in the plea agreement. <u>Cockerham</u>, 237 F.3d 1179, 1181, 1183 (10th Cir. 2001), *cert. denied*, 2001 WL 884275 (U.S. Jan.

3

7, 2002). The exceptions to such a waiver would be where the defendant's waiver was involuntary or unknowing, where the court relied upon an impermissible factor such as race, or where the agreement was otherwise unlawful. Id. at 1182-83.

9. In Cockerham, the Tenth Circuit also decided a question of first impression -- whether a § 2255 waiver was enforceable when the defendant raised ineffective assistance of counsel in the § 2255 petition. Id. at 1183. The Court commented on the significance of prior decisions from other circuits that had suggested a waiver would not apply to a collateral attack based on ineffective assistance of counsel allegations. In addition, the Tenth Circuit noted it had declined to reach this exact question in previous rulings. Id.

10. The Court elected to follow the Seventh Circuit's determination that "a claim of ineffective assistance of counsel *in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself.*" Id. at 1184 (citing Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999.) (emphasis added.)) However, the question remained as to whether those ineffective assistance of counsel claims that *did not* relate to the validity of the plea, "i.e., the negotiation or entering of the plea and waiver," were barred by the waiver. Id.

11. The Tenth Circuit noted that under Seventh Circuit precedent, ineffective assistance of counsel claims, related only to sentencing, generally did not survive a § 2255 waiver. Id. (citing United States v. Mason, 211 F.3d 1065, 1066-67 (7th Cir. 2000.), *cert. denied*, 531 U.S. 1175, 121 S.Ct. 1148 (2001)). After lengthy analysis, the Tenth Circuit held that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims *challenging the validity of the plea or the waiver [itself]."* Id. at 1187 (emphasis added.) However, "[c]ollateral attacks based on ineffective assistance of counsel claims

4

that are characterized as falling outside that category are waivable." Id. For example, attacks on counsel's performance at sentencing, as opposed to conduct in negotiating the plea or the waiver, would be waived (when the waiver is knowingly and voluntarily made). Id. at 1188.

12. Here, there is no question that each of Gonzales' ineffective assistance claims is an attack on his sentence, rather than a challenge to the negotiation of the plea agreement or the waiver. Gonzales argues that his criminal history category was miscalculated and, therefore, that he might have been entitled to a reduction in his sentence. He claims that his attorney should have raised Apprendi challenges on two different bases, which he believes might have affected his sentence, including his term of supervised release. Gonzales concedes, however, in his petition that these matters are directed at sentencing, rather than plea negotiations. "The proceeding at issue here is Petitioner's sentencing." [Doc. 1 at p. 2.] In his response to the government's Motion to Dismiss, Gonzales again clarifies that he is not challenging his plea. "[T]his Court should reject the Government's response . . . even though Gonzales did not challenge his plea. . . ." [Doc. 6 at p. 2.]

13. The plea agreement signed by Gonzales [Doc. 88 in Cr. 99-1189] provides the following:

### WAIVER OF APPEAL RIGHTS

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal any sentence within the guideline range applicable to the statute of conviction as determined by the court after resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the court in resolving any contested sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline

range as determined by the court. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range.

The plea agreement further states that "[t]he defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement."

14. During Gonzales' plea hearing on June 1, 2000, the district court, through Judge Black, conducted a detailed and thorough examination of the defendant. The judge specifically asked Gonzales if he had read the plea agreement before signing it, had discussed it with his attorney before signing it and if he understood it. Gonzales answered all of these questions in the affirmative. (Rough Tr. June 1, 2000 hearing at 3.) Gonzales also stated that he understood his rights that were set out in the plea agreement and that he had discussed with his attorney the charge against him in the Information. (Id. at 4.) The district court then asked Gonzales if his attorney had discussed the sentencing guidelines with him and how he could be sentenced if he had prior convictions. (Id. at 5.) Gonzales answered "Yes, Your Honor" to both inquiries. The trial court also asked Gonzales if anyone had threatened him or forced him to plead guilty, to which Gonzales answered "No, Your Honor." (Id. at 6.) After Gonzales plead guilty, the court accepted his guilty plea and found that the plea was "free and voluntary" and that Gonzales understood the charges. (Id. at 9.)

15. When Gonzales was sentenced on November 16, 2000, the minutes from that proceeding show that he was advised that he was waiving his appeal rights. [Doc. 129 in

6

Cr. 99-1189.] Gonzales did not challenge the Court's statement that Gonzales had waived appeal rights.

16. In addition to admitting that he is not challenging the plea negotiation itself, Gonzales also fails to present any evidence that would suggest otherwise. For example, he does not allege that his attorney failed to consult with him about the agreement or inform him of the contents of the plea negotiation. Nor does he ever assert that his plea or waiver were not made knowingly or voluntarily. In fact the transcript from Gonzales' plea hearing records that Gonzales had consulted with his attorney about the plea agreement and he plead guilty knowingly and voluntarily. The Court finds, therefore, that Gonzales did knowingly and voluntarily waive his § 2255 rights in the plea agreement, and that the waiver itself was express and unambiguous.

17. Contrary to Gonzales' assertions, a mere claim of ineffective assistance of counsel that does not relate to the plea negotiation or waiver itself, will not survive a knowing and voluntary § 2255 waiver, after the ruling in Cockerham. In reaching its decision on this exact issue, the Tenth Circuit relied on a Seventh Circuit case analyzing an analogous argument. In Mason, the defendant, like Gonzales, filed a § 2255 petition claiming that he received ineffective assistance of counsel and was denied due process. Mason, 211 F.3d at 1066-67. Mason specifically argued, much like Gonzales, that he would have received a lower sentence had his attorney challenged the application of sentencing guidelines and the amount of drugs attributed to him. Id. at 1067. The district court, in Mason, concluded that his petition was only *couched* in terms of ineffective assistance of counsel, while, in reality, it was "an attack on his sentence and the manner in which it was determined." Id. at 1068. Mason then appealed and asserted that he actually was challenging his attorney's deficient performance and that such challenge was a fundamental right that could not be waived. The Seventh

7

Circuit affirmed the district court's holding after finding that the ineffective assistance of counsel claim only related to sentencing issues, rather than to the validity of the plea or waiver. Id. at 1069. *See also* United States v. Joiner, 183 F.3d 635, 645 (7th Cir. 1999) ("garden-variety attacks on [the defendant's] sentence . . . raise[d] in the guise of a claim of ineffective assistance of counsel [] [were] exactly the sort of claims [the defendant] knowingly and intelligently waived").

18. Because Gonzales waived his right to collaterally attack his sentence by means of a § 2255 petition, the Court need not address the merits of his ineffective assistance of counsel claims. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999). However, even if Gonzales' claims of ineffective assistance of counsel were considered on the merits, the record does not indicate any substantive basis for these claims. For example, Gonzales asserts that his conviction for aggravated battery on September 5, 1997, should not have been counted in his criminal history calculation because he received a deferred sentence and eventually was satisfactorily discharged. Contrary to his position, the one criminal history point that was assigned for this prior conviction was properly included in accordance with U.S.S.G. § 4A1.1(c) and § 4A1.2(a)(3). Even a conviction that is "totally suspended or stayed" is counted as a prior sentence under § 4A1.1(c).

19. Moreover, Gonzales' argument that his attorney wrongfully failed to raise certain Apprendi challenges also is without merit. Apprendi applies only to increases in the statutory maximum sentence. Apprendi, 530 U.S. at 490. Gonzales was sentenced to well below the statutory maximum that was set out in his plea agreement. *See* United States v. Hill, No.01-2176, 2001 WL 1544474 at *2 (10th Cir. Dec. 5, 2001) (holding that only when drug quantity is used to enhance a sentence beyond the statutory maximum must be it charged with specificity in the indictment.)

Therefore, Gonzales' ineffective assistance of counsel claims do not survive the required two-pronged showing under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1974).

**Recommended Disposition**

That Gonzales' motion under § 2255 [Doc. 1] be denied, that the government's Motion to Dismiss [Doc. 5] be granted, and that the case be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge